*90 OPINION of-the Court, by
On J. Boyxé.
This Was an action for freedom. A verdict being found for the plaintiff, the defendant moved the court for a new trial - — 1st, Because the verdict was against law and evidence; and 2dly, because one of the jurors who tried the cause was an alien, and that it was unknown to him until after the trial. The Cause was then continued, upon motion, to the next term, when the court granted á new trial for the second cause assigned, and declined deciding upon the other, because as they alleged they had not then a recollection of the evidence. A motion was afterwards made at the same term, on the part of the plaintiff, to set aside the order granting the new trial; but the court overruled the motion, and the plain tiff excepted. At a subsequent term a second trial was had, and a verdict and judgment were given for the defendant, to which this writ of error is prosecuted by the plaintiff.
Whether the court below erred or not in granting ⅝ new trial, is the only question presented by the assignment oferror.
It must be admitted to he a point of considerable doubt, whether the cause for which the court below granted a new trial, was sufficient to warrant them in doing so. It is indeed perfectly clear, that an alien is incapable of being a juror, and that lie may be challenged for that cause. Such is the doctrine of the common law, as is abundantly proved by every writer who treats of this subject; ami the common law has not in this respect been changed by any statutory regulation of this country ; but whether the exception can betaken advantage of after verdict, is a point upon which the English books *91 qre silent, and which on principle is extreme)/ questionable. It is however a point which we do not deem ⅛-dispensahly necessary to be decided in this case: for as the new trial was asked for not only on account of the incapacity of the juror, but because the verdict was against evidence, it is obvious unless the evidence had been spread upon the record that we cannot say that the court erred in granting the new trial, whether the objection to the juror was available, after verdict or not. There can be no question if the evidence had been spread upon the record, and.it had appeared .to. this, court insufficient to support the verdict, that the act of the inferior court in awarding the new trial could not have been deemed erroneous, notwithstanding the reason assigned by them for doing so was a different one, and in itself incorrect : for if the act of the court he correct, it is not material whether their reasoning be so or not, as has been often ruled by this court.(a) It is true, as the evidence is not made to appear upon the record, that we cannot say that the verdict was against evidence, or that the court ought for that cause to have granted artewtrial. But we are not required to speak affirmatively upon these points. To sustain the act of the court in granting a new trial, it is sufficient that it does not appear to to be erroneous; nor does it affect the case, that the court at the time they decided upon the motion did not recollect the evidence, and could not therefore have certified it to this court. They ought to have decided upon the motion when the evidence was. within their recollection ; but their not having done so, is no more ascriba-hle to the fault of the defendant than of the plaintiff, and their want of recollection can no inore prove that the. granting of the new trial was erroneous, than it would have proved that their refusal to grant it would have been so. In neither case could the act of the court be. set aside or reversed by this court, because it could n0& in either appear to be erroneous.
Judgment affirmed,

 See Ormsby vs. Hunton, vol. 3. 299 - Sanders vs. Johnson, vol. 1, 322.