Ch. J. Barry
delivered the opinion of the Court.*
Cravens, the defendant in the circuit court, prose? cutes this appeal tp reverse the judgment of that court, in an action for deceit in the sale of a ipare.
The declaration is in the usual form, alleging the sale, the unsoundness of the marp, the defendant’s knowledge of it, and his false apd fraudulent representations that she wps sound. The defendant pleaded not guilty.
Upon the first trial the defendant had a verdict; a new trial was granted the plaintiff, on. the payment of costs; and upon the second trial, a verdict was rendered him for $113. 42 damages. The defendant moved for a new trial; but it was refused, and judgment f°r plain- ' *' ■
It is assigned for error, that the circuit court did wrong in granting the new trial on the motion of the plaintiff, and in refusing to grant it subsequently, on motion of the defendant.
In an action of deceit, though it appears there was a warranty, yet if the fraud be proved,the plaintiff may recover; for lie had the right to sue on the contract or for the deceit.
Where a mo tion for non suit is overruled, all the evidence must appear or the court below will be presumed correct.
Sharp, for appellant; Crittenden, for appellee^
if this court had power to control the-judgment of the circuit court in this respect, no cause is perceived to justify oúr interference.
Another ground assumed by the appellant, is, that the court erred in trying the cause with eleven jurymen only, after one had been withdrawn. This would certainly have been error, had not the parties assented to it; but their assent is apparent, as well from the entry of withdrawal of one of the. jurymen, as from that of the subsequent proceedings had on the trial.
The ground that remains to be noticed, is the error alleged in the refusal of the court, on the motion of the defendant, to instruct as in case of a nonsuit. It appears, from an exception taken to the opinion of the court, that upon the trial, the plaintiff proved the sale by one witness only, His evidence is staled, and proves, that the defendant warranted the soundness of the mare, in the sale to the plaintiff. The evidence of other witnesses, examined on the part of the plaintiff, is not spread on the record. Although proof of a warranty did not conform to the case, as declared on, yet if the proof established the unsoundness of the mare, the defendant’s knowledge of it, and the fraud practised by him as alleged, which we are authorized, upon the authority of the case of Siller vs Cooper, 4 Bibb 90, to presume, the plaintiff was entitled to a verdict, He had a right to sue for damages for the fraud, as welj as upon the contract of warranty.
Judgment affirmed with cosis and damages, at the rate of six per cent, per annum, from the date of the appeal up to this time.

 Absent, Judge David