Judge Ewing

delivered the Opinion of the Court.
On the trial of an indictment against George G. Presbury, for an assault and battery, the jury found him guilty; and assessed his fine to the Commonwealth at three hundred and fifty dollars.
After the verdict was rendered, it was discovered, as is shown by the affidavit of himself and counsel, that one of the jurors was an alien, and upon that ground, among others, he moved for a new trial, which being overruled by the Court, he has appealed to this Court.
On two occasions, has the question been raised in this Court, whether alienage alone, in one of the jurors, was a good cause for a new trial, when not discovered until after the verdict. Siller vs Cooper, 4 Bibb, 90; Moody’s Executor vs Pearce, 7 J. J. Marshall, 222. But both those cases were made to turn upon other points, and the question left open; but in the latter case, this Court pretty strongly intimated an opinion adverse to the motion for a new trial on that ground.
*204 Upon a review of all the authorities we have been able to meet with, as well as the reason of the opinion there intimated, we entirely accord with it.
It has been frequently said, that that which is a good cause of challenge, is a good cause for a new trial, if not known to the party or his counsel, before verdict. This, as a general rule, must be admitted to be true. But there are certainly many exceptions to it. By a positive statute (Stat. Law, 883,) no person but house keepers, possessed of a visible estate, of the value of twenty pounds, at least, are competent jurors in the superior courts of this Commonwealth. The want of the qualification prescribed is certainly a good ground of challenge. Yet it has been frequently determined, that it does not furnish grounds for a new trial. Bratten vs Bryan, 1 Marshall, 213; Rennick vs Walthal, 2 Marshall, 23. And in the case of Queen &c. vs Hepburn, 7 Cranch, 297, an objection was made to a juryman in the court below, because he was an inhabitant of the county of Alexandria, and not of Washington, where the suit was tried; and the Supreme Court decided, Chief Justice Marshall delivering the opinion of the Court, that “Whatever might have been the weight of this exception; if taken in time, the Court cannot sustain it now. The exception ought to have been made before the juror was sworn.” If the objection goes to the moral capacity or impartiality of the juror, or to any matter which goes to impeach the fairness or impartiality of the verdict, if not discovered until after verdict, it would, no doubt, be as good a ground for a new trial, as a cause of challenge before. But when the objection rests upon technical ground, as the want of property, alienage, or the like, not at all effecting the moral capacity or impartiality of the triers, or the justice of the verdict, we cannot admit that the rule applies. The granting a new trial after a verdict of twelve men, is a question addressed to the sound discretion of the court, and should not generally be granted, if the justice of the cause has been attained, or rather if there be not reasonable ground to believe that justice has not been done. And the mere fact that a juror has more or less property, or is an alien, not naturalized, though res *205 ident among us, or is an inhabitant of another county, cannot of itself furnish substantial grounds to believe that justice has not been done. Besides parties are confronted with the jurors, have a fair opportunity afforded them to interrogate them on their voir dire, and enquire into their true state and condition; and if they neglect to do so, or doing so, fail to object, they may be presumed to have waived any objection on those grounds. Or, if they did not interrogate and object, but accepted the jury, and submitted their case to them, they ought not afterwards to be permitted to take advantage of their own negligence, and ask a retrial of the same matter, upon such technical grounds. And in this opinion we are sustained by the opinion of the Court in the case of Hollingsworth vs Duane, 4 Dallas, 353, and the State vs Quarrel, 2 Bay, 150. And though a foreigner is entitled to a venire de medietate linguæ, if a common jury be summoned, and he fail to object before verdict, he shall not be allowed to do so afterwards. 2 Hawkins, 420.
The case in 2 Bay was a prosecution for murder, in which in favorem vita, the Court should have more readily leaned in favor of a new trial, yet it was refused.
In cases properly termed criminal, where life or liberty is involved, it might possibly be proper to grant a new trial, on the ground of alienage alone, in one of the jurors. But we do not intend to be understood as expressing an opinion for or against it, in such cases, but feel clear that it ought not to be done upon such ground alone, in civil cases, nor in cases of prosecutions for mere misdemeanors. And the other ground relied on by the counsel, having no weight in it, the judgment of the lower Court is affirmed, with costs &c.