Schumaker vs. The State of Wisconsin.

HENRY SCHUMAKER, Plaintiff in Error,

vs.

THE STATE OF WISCONSIN, Defendant in Error.

ERROR TO MILWAUKEE CIRCUIT COURT.

In a capital case the defendant is allowed twenty-four peremptory challenges.

It is error in impanneling a jury in a capital case to require the defendant to exercise four peremptory challenges at one time, or waive four.

Where the defendant in a capital case had exercised his right of peremptory challenge six times, challenging in all twelve jurors, and afterwards proposed to make other peremptory challenges, but was denied the right on the ground that he had exercised his right six times, thereby either challenging or waiving four each time, and was adjudged to have exhausted his challenges; Held erroneous.

No rule of practice can be adopted in impanneling a jury in a criminal case which operates to abridge or destroy the right of challenge secured to the defendant.

An unnaturalized alien is not a competent juror.

In a capital case, where the defendant is presumed to stand upon all his rights and to waive nothing, an objection to the competency of a juror will be allowed after verdict, where the fact of such incompetency was unknown before.

AT the September term, 1855, of the Milwaukee Circuit Court, the defendant, with one Mathias Stein, was indicted for the murder of John L. Prevo, to which they severally pleaded not guilty, and were put upon their trial; whereupon Stein was convicted of murder in the second degree, and Schumaker of manslaughter in the first degree. This verdict was set aside as to the plaintiff in error, and he was again tried at the May term, 1856, and was again convicted of manslaughter in the first degree. A motion was made for a new trial, which was denied. A number of exceptions were taken to the ruling of the circuit judge in regard to the admission and rejection of evidence, the instructions to the jury asked, refused and given, and also for refusing the new trial, for error in impanneling the jury; all of which material to the case are specifically set forth in the opinion of the court, as well as the stipulation under which the case was brought on for argument.

*J. E. Arnold,* for the plaintiff in error.

*William R. Smith,* attorney-general, for the state.

*By the Court,* COLE, J. This case comes to this court on bill of exceptions and writ of error to the Milwaukee Circuit Court. The plaintiff in error, together with one Mathias Stein, was indicted at the September term of said court, 1855, for the murder of John L. Prevo. At the same term of that court, a trial was had, which resulted in the jury finding Stein guilty of murder in the second degree, and Schumaker guilty of manslaughter in the first degree. A motion was made for a new trial, which was granted as to Schumaker.

At the last May term of said Circuit Court, a separate trial was had as to Schumaker, which resulted in the jury again finding him guilty of manslaughter in the first degree.

A motion was again made for a new trial, but was overruled by the court. Exceptions were taken to this decision of the court denying the motion for a new trial, and also to various other rulings of the court, in impanneling the jury, admission and rejection of testimony on the trial, instructions asked for and refused, as well as to those instructions which were given to the jury by the court.

But we do not propose entering upon an examination of the many questions arising upon these exceptions, for the reason that the attorney-general stated upon the argument that he had consented to the case being put upon the calendar, and moved to a hearing at the close of the term, only upon the understanding, with the counsel for the plaintiff in error, that the argument should be confined to the objections relating to the method of impanneling the jury, and the question as to the competency of the juror Basasto, and the discussion was confined to those points.

It is true, the counsel for the plaintiff in error called our attention to other points in the case, which he did not feel at liberty to argue, under the understanding made with the attorney-gen-

eral, and requested a decision of this court upon them; but in the absence of all argument upon those points, either by brief or otherwise, and as their consideration is not essentially necessary to the present disposition of the case, we shall not further notice them.

We therefore proceed to consider the objections taken to the mode of impanneling the traverse jury.

It appears from the bill of exceptions, that in impanneling the jury in this case, the court required the plaintiff in error to exercise four peremptory challenges, or waive four; and on objection to such a course of challenging being made by the counsel for the plaintiff in error, the court ruled that such a course of challenging should be followed, and in this order compelled the plaintiff in error to exercise four peremptory challenges at one time, or to waive four; to which ruling and order the plaintiff in error excepted.

It also appears that the counsel for the prosecution, at different times, challenged four of the jurors peremptorily; and that there were six different periods of challenging and filling the panel of the jury; and further, that the plaintiff in error exercised his right of peremptory challenge under the ruling of the court, at four different times: the first time challenging three, the second time four, the third time three, and the fourth time two—in all, twelve peremptory challenges.

The panel of the jury being then full, the plaintiff in error offered to challenge, and did challenge each and all of the twelve jurors so impanneled. But the Circuit Court ruled, that as the plaintiff in error had exercised or declined his right of challenge six several times, his right of peremptory challenge was exhausted, and overruled the challenge of the twelve jurors impanneled; to which ruling the plaintiff in error excepted.

We are clearly of the opinion that the court below erred in holding that the plaintiff in error must exercise four peremptory challenges at one time, or be considered to have waived four, since it practically deprived him of a right of peremptory challenge, secured to him by the statute. Chapter 148, section 5, of the Revised Statutes, provides that " any person who is put on

trial for an offence punishable with death, shall be allowed to challenge peremptorily twenty-four of the persons returned as jurors, and no more."

Although capital punishment was abolished by chapter 103 of the Session Laws of 1853, yet chapter 48 of the Session Laws of 1854, provides that any person who is put on trial for an offence, which would have been punishable with death before the law of 1853, shall be allowed to challenge peremptorily twenty-four of the persons returned as jurors, and no more. *Sess. Laws* 1854, *chap.* 48, § 1. Thus it will be seen that the statute expressly gave to the plaintiff in error, the right to challenge twenty-four jurors peremptorily, and this right it was not competent for the court, by any mode of impanneling the jury, either to abridge or destroy.

We do not feel called upon to make any suggestions as to the proper practice to be adopted by the Circuit Court in impanneling juries in criminal cases, but obviously all rules of practice and convenience must necessarily conform to the requisitions of the statute, and be adapted to secure all the rights of the accused.

One ground relied on in the motion for a new trial was, that one of the jurors, Richard Basasto, was not a citizen of the United States, and, therefore, not a competent juror. In support of the motion upon this point, the affidavit of J. E. Arnold, counsel for the plaintiff in error, was filed, which set forth in substance, that after the trial was over, in a conversation with the said juror, he learned from him that he had not been naturalized, although he had declared his intentions of becoming a citizen, according to the law of Congress upon that subject. The deponent further stated that he had no knowledge of that fact at the time the juror was impanneled, and that he was ready to produce the juror in court, who would testify that he was an alien.

The fact seems to have been taken for granted that the juror was unnaturalized, but still the court refused to set aside the verdict upon that ground. In this we are inclined to the opinion that the Circuit Court erred, although it must be admitted that, in the present state of the authorities, the point is not free from

doubt. At common law, it is undoubtedly well settled that alienage constitutes a good ground of challenge, *propter defectum* (3 *Black. Com.* 362 ; *Bac. Abr. title Aliens C; Siller vs. Cooper*, 4 *Bibb*, 90 ; *Borst 'vs. Becker*, 6 *J. R.* 322); but whether the exception can be taken advantage of after the verdict, is not so clear. *Guykowski vs. The People*, 1 *Scam. R.* 476 ; *Stone vs. The People*, 2 *id.* 326 ; *State vs. Babcock*, 1 *Con. Rep.* 401 ; 15 *Vermt.* 61 ; *Rex vs. Tremane*, 5 *B. & C.* 254 ; 11 *Eng. Com. L. Rep.* 218. *Contra*, *Rex vs. Sutton et al.*, 8 *B. & C.* 417 ; *Eng. Com. L. Rep.* 452 ; *Greenup vs. Stoker*, 3 *Gilman R.* 202 ; *The People vs. Jewett*, 6 *Wend.* 386.

Section 1, chapter 97, of our Revised Statutes, says: " All persons who are citizens of the United States, and qualified electors of this state, shall be liable to be drawn as jurors, except as hereinafter provided." The second section excepts certain persons who shall be exempt from serving as jurors.

Although the statute does not say that none but citizens of the United States and electors of this state shall be competent jurors, *yet, in a case like the present*, where the accused. is presumed to stand upon all his rights, and waive nothing, we are disposed to give it that construction.

Judgment of the Circuit Court reversed, and new trial ordered.