PHEBE A. SPRAGUE *vs.* JOSEPH H. BROWN.

WASHINGTON—JUNE 7, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *New Trial.   Waiver of Objection to Jurors.*

Where a party goes to trial before a jury without inquiry as to the qualifications of the jurors, he thereby waives all objection because of any disqualification that may exist, and after verdict a new trial will not be granted therefor.

(2)   *Presumption of Qualification of Jurors.*

It is a fair presumption that persons summoned to serve as jurors by a town and placed upon the jury list by the clerk of the court possess the necessary qualifications, although they have not been regularly drawn by the town officers.

(3)   *Interest of Jurors in Subject-Matter.*

After a full trial a verdict will not be disturbed unless it appears from the circumstances of the case that some injustice has been done, by reason of a trifling interest even on the part of a juror, of which the complainant did not know and by reasonable diligence could not have known. Affirming *Fiske* v. *Paine*, 18 R. I. 632.

TRESPASS for assault and battery.   Heard on petition of defendant for a new trial.   New trial denied.

TILLINGHAST, J. For such a gross and indecent assault as the defendant is proven to have committed upon the plaintiff in this case, we cannot say that the damages, assessed by the jury at $600, are clearly excessive.

The newly discovered evidence, so-called, is not of such a character as would be likely to change the verdict.

(1) The fact that two of the jurors were not regularly drawn, or at any rate that the record in the town clerk's office at Westerly does not show that they were, is no ground for a new trial. The petition does not allege that plaintiff's counsel inquired as to the qualification of the jurors before going to trial and was misinformed; and we may therefore presume that he went to trial without making such inquiry. And it has been held by this court that where a party goes to trial without such inquiry, he thereby waives the objection. *Ryan* v. *Riverside Mills*, 15 R. I. 436; *State* v. *Cosgrove*, 16 R. I. 411. Moreover, it does not appear that the two jurors who came from Westerly were disqualified to serve. All that appears, at most, is that, although summoned as jurors, they had not been regularly drawn. It is fair to presume, however, that, having been summoned to serve as jurors and placed upon the list by the clerk of the court, they possessed the necessary qualifications. But, in any event, there is nothing to show that the defendant was in any way prejudiced by reason of the irregularity, and hence it constitutes no ground for a new trial.

(3) In *Fiske* v. *Paine*, 18 R. I. 632, this court held that the better reason was with that class of cases which hold that after full trial a verdict will not be disturbed unless it appears from the circumstances of the case that some injustice has been done, by reason of a trifling interest even on the part of the juror, of which the complainant party did not know and by reasonable diligence could not have known. See also *Slale* v. *Congdon*, 14 R. I. 458.

In *Wassum* v. *Feeney*, 121 Mass. 93, it was held that when a party has had an opportunity of challenge, no disqualification of a juror entitles him to a new trial after verdict.

The same rule has been applied by other courts to disqual-

ification by reason of alienage, although not in fact known till after verdict. *Hollingsworth* v. *Duane*, 4 Dall. 353; *Presbury* v. *Commonwealth*, 9 Dana, 203; *The King* v. *Sutton*, 8 B. & C. 417; *The King* v. *Despard*, 2 Man. & Ry. 406; *Case of the Chelsea Water Works Co.*, 10 Exch. 730; *State* v. *Quarrel*, 2 Bay, 150; *Page* v. *Danvers*, 7 Met. 326; *Case of a Juryman*, 12 East, 231, note.

The verdict is not against the evidence. The evidence offered by the plaintiff clearly shows that the defendant was guilty and that he admitted his guilt; and he did not even take the stand as a witness to deny it.

Petition for new trial denied and dismissed, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*A. B. Crafts*, for plaintiff.

*S. W. K. Allen*, for defendant.