## PAPERNOW v. STANDARD OIL CO. OF NEW YORK (two cases).

### (District Court, D. Rhode Island. December 15, 1915.)

### Nos. 2804, 2805.

1. JURY ⊕53.—DISQUALIFICATION—PRIOR SERVICE.

Judicial Code (Act March 3, 1911, c. 231) § 275, 36 Stat. 1164 (Comp. St. 1913, § 1252), provides that jurors in the courts of the United States shall have the same qualifications "subject to the provisions hereinafter contained" as jurors of the highest court of law of the state. Section 286 (section 1263) provides that no person shall serve as a petit juror in any District Court more than one term in a year, and that it shall be sufficient cause of challenge that the juror has been summoned and attended court as a juror at any term within one year. *Held*, that as section 286 deals specifically with the question of prior service it is exclusive of state statutes on the same subject, and prior service as a petit juror in the state court does not disqualify one to serve as a petit juror in the federal court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 259, 341; Dec. Dig. ⊕53.]

2. NEW TRIAL ⊕54—WAIVER OF ERRORS—DISQUALIFICATION OF JURORS.

Where a party had an opportunity to challenge jurors and did not exercise that right, the disqualification of a juror does not entitle him to a new trial after verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 112–114; Dec. Dig. ⊕54.]

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Two actions by Matthew Papernow and Louis Papernow against the Standard Oil Company of New York. Verdict for defendant, and plaintiffs petition for a new trial. Petition denied.

Philip S. Knauer, of Providence, R. I., for petitioners.

Barney & Lee and Walter H. Barney, all of Providence, R. I., for respondent.

BROWN, District Judge. After verdict for the defendant the plaintiffs petition for a new trial on the ground, first, that the verdict was against the evidence; and, second, that one of the jurors, within two years of the time of trial, had served as a petit juror in the state court.

I am of the opinion that upon the evidence the jury was justified in finding a verdict for the defendant, and that the verdict was not against the weight of evidence.

[1] The second ground proceeds upon the assumption that service as a petit juror in the state court works as a disqualification to serve as a petit juror in the federal court. I am of the opinion that this contention is unsound.

Section 275 of the Judicial Code of the United States, which relates to qualifications and exemptions of jurors, is limited by the expression "subject to the provisions hereinafter contained." Section 286, therefore, must be read in connection with section 275, and as it deals specifically with the question of prior service, is exclusive of the provisions of the state statute on the same subject. Morris v. United States, 161 Fed. 672, 88 C. C. A. 532; Walker v. Collins, 50 Fed. 737, 1 C. C. A. 642.

[2] Furthermore, according to the great weight of authority, when the party has had an opportunity for challenge, and has not exercised the right, no disqualification of a juror entitles him to a new trial after verdict. See cases cited in Kohl v. Lehlback, 160 U. S. 293, 300–302, 16 Sup. Ct. 304, 40 L. Ed. 432; Ryan v. Riverside and Oswego Mills, 15 R. I. 436, 8 Atl. 436; Sprague v. Brown, 21 R. I. 329, 43 Atl. 636; Guckian v. Newbold, 23 R. I. 553, 51 Atl. 210.

Petition for new trial denied.