## Mills v. Commonwealth.

(Decided February 17, 1928.)

### Appeal from Clay Circuit Court.

1. Assault and Battery.—In prosecution for malicious shooting and wounding under Ky. Stats., sec. 1166, evidence held sufficient to sustain conviction.

2. Criminal Law.—Juror's affidavit supporting contention, on motion for new trial for malicious shooting and wounding, that instructions were confusing, will not be considered, in view of Criminal Code of Practice, sec. 272, providing that a juror cannot be examined to establish a ground for new trial, except it be to show that the verdict was made by lot.

3. Assault and Battery.—Where evidence on trial for malicious shooting and wounding showed defendant armed himself, and sought difficulty with his victim, self-defense instruction should have been qualified.

4. Criminal Law.—Juror's statement that he did not want to try defendant who was accused of malicious shooting and wounding, unless he had a case that would send defendant to penitentiary for life, because defendant would probably kill jurors who tried him, held not evidence of prejudice, making new trial necessary.

5. Criminal Law.—New trial for malicious shooting and wounding, on the ground of newly discovered evidence, held properly refused, where defendant did not show he had used due diligence to obtain evidence at trial, and did not file affidavit of new witness showing what his evidence would be.

D. M. ALLEN, ROY W. HOUSE and F. H. BAKER for appellant.

J. W. CAMMACK, Attorney General, for appellee.

Opinion of the Court by Drury, Commissioner—
Affirming.

Andrew Mills seeks to reverse a judgment sentenc-
ing him, under section 1166, Ky. Stats., and our habitual
criminal statute (section 1130), to life imprisonment for
malicious shooting and wounding. The indictment in
this case, in addition to the usual matter found in indict-
ments for malicious shooting, contained allegations that
Andrew Mills had been in 1914 convicted of malicious
shooting and wounding, and sentenced to the peniten-
tiary for not less than one nor more than five years, and
further that in 1921 he was again convicted of malicious
shooting and wounding and sentenced to the penitentiary
for two years.

He bases his hopes for reversal upon alleged errors
of the court in refusing him a new trial because the ver-
dict is against the law and the evidence; because the in-
structions given were erroneous and confusing, and, in
support of this, he files the affidavit of one juror, in which
she says that she misunderstood the instructions;
because the court erred in failing to properly instruct
the jury; because of bias and prejudice of one juror; and
because of newly discovered evidence.

Disregarding the evidence for the commonwealth,
that of the defendant alone was sufficient to sustain the
conviction. The defendant, in his testimony, said that,
on June 21, 1925, the day of the shooting, he had been
working in the field with his brother. They had some
trouble, and defendant left, as he says, to keep Silas from
killing him. Defendant says he went home, and worked
on a stand table. Later he was told his cow was out, and,
taking his shotgun with him, he sought her, found her,
and drove her along the road until he reached an inclos-
ure, and put her in it. Then he left the road, and with
his gun started through the field where Silas was. They
met, and defendant testifies:

"I was going right towards him; we walked a
right smart piece, looking at each other; Silas threw
his gun up, and shot; I stepped this way and shot
too; Silas fell. I hollered, and told Matt to come
down and see if Silas was killed."

He admitted he then went into hiding, and so re-
mained from June 21st until August 13th. He further
admitted he had previously, on two different occasions,

been convicted of malicious wounding and sent to the penitentiary, and that he was out on parole under the second sentence when this shooting occurred.

If his evidence alone was all there was in the record, it would be sufficient to convict him. In Taylor v. Com., 10 Ky. Ops. 70, we said:

> "Where a man assaulted has retreated from the assailant, and is secure in his separation from further personal aggression, he has no right to return armed to the scene of conflict and voluntarily engage in a new conflict with the aggressor. If he does so and slays him he is guilty of murder or manslaughter according to the circumstances under which the homicide is committed."

By section 272 of the Criminal Code, it is provided that a juror cannot be examined to establish a ground for a new trial, except it be to establish that the verdict was made by lot.

We have examined the instructions given, and they are more favorable to the defendant than they should be. He received a straight self-defense instruction, whereas his own evidence showed he armed himself and sought this difficulty, and this self-defense instruction should have been qualified. See Hamilton v. Commonwealth, 218 Ky. 521, 291 S. W. 765; Smith v. Commonwealth, 215 Ky. 815, 287 S. W. 8. We cannot imagine any instruction he was entitled to which was not given, and he does not suggest any.

He says one of the jurors was prejudiced against him, and he files affidavit that that juror had said, "he would not want to try this defendant unless he had a case that would send him to the penitentiary for life, because he had such a temper he would probably kill the members of the jury who tried him." He says he first learned of this after the rendition of the verdict, but he does not say that this juror concealed this prejudice when he was examined on his voir dire before he was accepted. Moreover, there is nothing in what the juror said to indicate he was prejudiced against the defendant. It rather indicates that he was afraid of the defendant, and fear would have a tendency to induce this juror to seek some means of acquitting him, in order to avoid incurring his wrath.

He is asking for a new trial because of certain evidence which he says he could obtain from Matt Mills, but

he has shown no sort of diligence in endeavoring to obtain that evidence. The defendant himself testified that Matt Mills was in sight of the shooting, and he called to Matt, and had him come down there and look after his victim after he was shot. Moreover, he does not file any affidavit of Matt Mills showing what his evidence would be. He should have done that. See Roark v. Commonwealth, 221 Ky. 253, 298 S. W. 683.

We find no error in this record. The jury could not have reached any other conclusion.

The judgment is affirmed.