# Ramey v. Commonwealth.

(Decided Oct. 8, 1937.)

D. H. HALL, B. M. JAMES and H. H. SMITH for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

About 4:30 or 5 p. m. Sunday, May 3, 1936, in the village of Dinwood on Beaver creek, in Floyd county, Leonard (Pete) Ramey shot and killed Ambrose Compton, for which Pete was indicted for murder and on his trial thereunder was convicted and his punishment fixed at life imprisonment. His counsel then filed for him a motion for a new trial and seven grounds in support of it, which the court overruled, and he has appealed.

### Grounds for Reversal.

There was no semblance of merit in six of his grounds and his counsel on this appeal has abandoned them and he has not discussed them. His sole reliance here is newly discovered evidence.

Pete filed his own affidavit in which he set out at length what he could prove by Mrs. Blanch Crum, Mr. and Mrs. Henry Hamilton, and Mrs. Lee Crisp, but there are no affidavits of these new witnesses that they would so testify. It is well settled that such affidavits

must be filed. Bowling v. Com., 148 Ky. 9, 145 S. W. 1126; Lambdin v. Com., 195 Ky. 87, 241 S. W. 842; Barnes v. Com., 179 Ky. 725, 201 S. W. 318; Mills v. Com., 223 Ky. 165, 3 S. W. (2d) 183.

He filed the affidavit of his father, in whose defense Pete claims he fired the fatal shot, in which he offers the following new evidence:

"While the attorneys for the defendant and the Commonwealth were out of the court room he saw Mrs. Compton, mother of the deceased man and a sister to the deceased man talking with one of two of the women jurors who were serving on the jury which tried the defendant, and that they gave to and showed to and talked about some pictures which this affiant now alleges and believes to have been pictures of the deceased man and pictures of the place where the tragedy or killing of Ambrose Compton occurred. This occurred after the jury had heard the instructions and before attorneys had argued the case."

This, if true, was misconduct of the jury, but he has discussed it under the heading of newly discovered evidence so we shall do the same. Pete did not include in his own affidavit the new evidence of his father, hence such omission precluded the consideration of this. Helton v. Com., 210 Ky. 566, 276 S. W. 522; Davis v. Com., 217 Ky. 801, 290 S. W. 702; Roberts et al. v. Com., 212 Ky. 791, 280 S. W. 111.

Pete's father was present at the trial. He testified for his son and Pete has not said anywhere that he did not know of the exhibition of these pictures before the close of the trial. The record of the trial contains no mention of these pictures, the proposed new witness does not state positively what they were, nor that he did not immediately tell his son of this occurrence. In the absence of any showing to the contrary, the accused will be presumed to have known everything that happened at the trial, and matters not then complained of and brought to the attention of the court in some way are not available on appeal.

Judgment affirmed, the whole court sitting.