**Tommie WRIGHT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 25, 1960.

Rehearing Denied June 24, 1960.

William G. Reed, Carrollton, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Tommie Wright was convicted of malicious cutting and wounding as denounced by KRS 435.170(2). His punishment was fixed at confinement in the state penitentiary for a period of two years. He appeals from that judgment.

He first complains that the Commonwealth failed to prove malice. The victim, Ray McManis, was wounded twice, a slight wound in the back and a dangerous wound in the stomach. Appellant admits he cut McManis in the back while McManis was holding him in a bear hug to prevent his participation in a fight.

McManis was forced to free the appellant from the bear hug when the fight ended and one of its participants started to strike him, McManis. He was cut immediately upon releasing the appellant. McManis could not say who cut him in the stomach. Appellant denies that he did it but the evidence discloses no knife other than the one used by him.

Under these circumstances a jury could well believe from the evidence that appellant did all of the cutting. The jury could from the evidence have believed that the back cutting was done in self-defense as appellant tried to free himself from a dangerous position. It could have consistently believed that the stomach wound was also inflicted by appellant with a malicious intent to kill McManis. Malice as required for conviction means the intentional doing of a wrongful act without legal justification or excuse. Preexisting hatred and malevolence toward the victim need not be shown to sustain a conviction. Malice need not be a long existing thing. It is sufficient if malice existed at the time of the offense and it may instantly form in the mind of the accused at the time he acts. It need not be proven by direct evidence. It may be inferred from the act itself and

the circumstances surrounding the doing of the act. Howard v. Commonwealth, 178 Ky. 844, 200 S.W. 29; Lawson v. Commonwealth, 309 Ky. 458, 218 S.W.2d 41; Damron v. Commonwealth, Ky., 313 S.W.2d 854. It is our conclusion that the record is sufficient to sustain the jury's finding of malice.

Appellant next insists that he was deprived of a trial before an impartial jury as provided in Section 11 of the Kentucky Constitution.

█ In support of this argument he points out that the jury deliberated for about three hours, reported "hung" on three returns to the courtroom and returned a verdict after continuing its deliberation for thirty-five minutes on the fourth try. It is apparent that there was a clear division in the thinking of the jurors and that considerable heat was generated during the course of the discussion. Some of the jurors refused to leave the jury room and come into the courtroom for the third report until ordered by the court to do so. Appellant says that the jury's conduct is evidence that it was not dispassionate and impartial in its deliberations. We do not agree.

██ Firmness of a juror in his conviction after having heard the evidence is not indicative of prejudice or partiality. Though others may not agree with him the juror's prerogative to draw his own conclusions from the evidence must be respected. Charges of prejudice and partiality against a defendant will not be considered if supported by nothing more than the juror's conclusion of guilt made manifest after submission.

The jury in this case deliberated three hours before returning a verdict. It then gave him a minimum sentence. Upon examination of the whole record we are of the opinion that there was no violation of appellant's constitutional rights and that he had a fair trial.

The judgment is affirmed.