**Conrad COMBS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 20, 1962.

Vernon Faulkner, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellee.

STANLEY, Commissioner.

The appellant, Conrad Combs, was found guilty of maliciously shooting and wounding with intent to kill Fred Nantz and his punishment fixed at ten years' imprisonment. He insists the verdict was flagrantly against the weight of the evidence, or, at most, that the Commonwealth's evidence proved only that he was guilty of the misdemeanor of shooting in sudden affray or heat of passion and the felony instruction should not have been given. Another claimed error is the denial of a new trial on the ground of the discovery that one of the jurors was prejudiced against the defendant and had misled him on voir dire in saying that he would give the defendant a fair and impartial trial.

Combs and his wife ran a restaurant and beer saloon called "Air Port Inn" in Perry County. About nine o'clock on the night of December 8, 1960, Nantz and Johnny Smith went there as customers. Some trivial wrangle, apparently arising from a misunderstanding, arose between Mrs. Combs and Nantz in regard to putting a coin in a juke box. The spat suddenly flared into violence. She threw an open can of beer in his face, and he retaliated by throwing and hitting her with an open bottle of beer. Thereupon, the defendant Combs, who was behind the counter, shot and seriously wounded Nantz. According to Nantz, he "scooted down" on the floor and while trying to crawl out the door, Mrs. Combs grabbed his hair, and called upon her husband to shoot and "kill the son-of-a-bitch; he hain't dead yet." Combs came around the counter and tried to fire, but his pistol jammed. He then heeded Nantz's cry, "You needn't shoot me no more; you've done already killed me." While this was going on Mrs. Combs was beating him in the face with her fists. This graphic story was corroborated, except in some unimportant particulars, by Johnny Smith.

The defendant Combs testified that he had had a little previous trouble with Nantz; that on this occasion Nantz precipitated the dispute with his wife and first threw the bottle of beer, splashing it in her hair, before she retaliated with the same liquid missile; that when he looked around he saw Nantz jerk his coat back and pull something bright from under his belt which he, the defendant, took to be a pistol. Combs testified that "in a state of fury I shot him in self-defense." He denied many of the details of the melee related by Nantz. Mrs. Combs and her niece substantially corroborated the defendant.

There was no evidence that Nantz had a pistol in the restaurant. Police officers found his pistol in his truck, which was parked in a nearby service station.

■ The appellant contends, as stated above, that the Commonwealth's proof did not show the shooting was maliciously done, i.e., with premeditation or through enmity or ill will, or was done feloniously, i.e., actuated by a deliberate evil purpose to commit a crime. While that is a common acceptation of the terms, in their legal sense "malice" and "malicious" mean doing a wrongful act by one person against another intentionally or with evil intent without just cause or excuse or as the result of ill will. It is immaterial at what time before the act such determination was formed. Malice may be implied or imputed from the proven act and circumstances. Brown v. Commonwealth, 226 Ky. 255, 10 S.W.2d 820; Risner v. Commonwealth, Ky., 242 S.W.2d 623; Wright v. Commonwealth, Ky., 335 S.W.2d 930. The use of a deadly weapon, not in self-defense, is evidence of malice. Crawford v. Commonwealth, 279 Ky. 224, 130 S.W.2d 17. "Feloniously," as a term in criminal law, really means done with an intent to commit a crime or wrong, although it is sometimes stated as meaning proceeding from an evil heart or purpose. Ewing v. Commonwealth, 129 Ky. 237, 111 S.W. 352; Taylor v. Commonwealth, 172 Ky. 136, 188 S.W. 1087.

■ The question of whether an act was committed maliciously and feloniously is ordinarily one for the jury to determine in the light of all the surrounding facts and circumstances. Nichols v. Commonwealth, Ky., 283 S.W.2d 184; Davidson v. Commonwealth, Ky., 340 S.W.2d 243.

■ The evidence does indicate that the shooting of Nantz by Combs was sudden and in heat of passion and, as he testified, "on the spur of the moment." Yet, Combs followed the shooting up by going around the service counter and trying to shoot the victim again while he was prostrate on the floor under attack by Mrs. Combs. All the circumstances warranted the jury in finding the defendant guilty of a felony rather than of a misdemeanor, as the jury was authorized to find by an instruction on that offense. We cannot hold the evidence was insufficient to submit the question of guilt of the

**764**

felony, or that the verdict was flagrantly against the evidence.

█ The defendant submitted as a ground for a new trial that one of the jurors had previously indicated such bias and prejudice against him as to preclude his having a fair trial. Supporting his own affidavit as to the belated discovery of the fact, the defendant filed the affidavit of Braddox Noble, one of the jurors, reciting that he and another juror, Midas Deaton, were members of the regular panel for the term of court, and they were sitting together in the court room during the progress of a trial of the defendant Combs on a previous day on the charge of grand larceny (of which he was acquitted) and Deaton, referring to the defendant, said, in substance, "I know that boy. I was at a place where he was and passed out drunk, and when I got sober I had lost my watch, and I don't know whether he got it or not, but I believe he did." As there was no contradiction, the incident and statement must be regarded as true.

█ The granting or refusing of a new trial generally rests in the sound discretion of the trial court in the exercise of deliberate judgment founded on established principles. A new trial should be granted wherever it reasonably appears that the accused did not have a fair trial, as where substantial prejudice of a juror is shown. Ellis v. Commonwealth, 207 Ky. 162, 268 S.W. 1087; Fletcher v. Commonwealth, 239 Ky. 506, 39 S.W.2d 972. As a general rule, anything which is good cause for challenge for disqualification of a prospective juror is deemed good cause for a new trial if not known or discoverable to the defendant or his counsel before the verdict and they were misled by a false answer on voir dire. Johnson v. Commonwealth, 311 Ky. 182, 223 S.W.2d 741. Illustrative is where a juror qualified without disclosing that he had formed and expressed the opinion that the accused was guilty of the crime charged. See Miller v. Commonwealth, 203 Ky. 437, 262 S.W. 579; Fletcher v. Commonwealth,

239 Ky. 506, 39 S.W.2d 972. But there are many exceptions to the general rule as was early recognized in Presbury v. Commonwealth, 39 Ky. 203, 9 Dana 203. Basically, the consideration is whether the rights of the accused have probably been prejudiced by concealed impartiality.

█ "Mere casual remarks or prior expressions of opinion adverse to accused are not alone sufficient to establish such bias as requires a new trial." 24 C.J.S. Criminal Law § 1446. The text is supported by Chilton v. Commonwealth, 170 Ky. 491, 186 S.W. 191; Brown v. Commonwealth, 195 Ky. 166, 241 S.W. 846; Mills v. Commonwealth, 223 Ky. 165, 3 S.W.2d 183; and Colwell v. Commonwealth, Ky., 320 S.W.2d 116. In the instant case the remark of the juror related to a different kind of offense than that for which he was being tried. It did not imply that he could not give the accused a fair trial on that charge, as doubtless he said he could on voir dire examination. We conclude there was no error in refusing a new trial on the ground stated.

Judgment affirmed.