## Sizemore v. Commonwealth

(Decided September 22, 1922.)

### Appeal from Bell Circuit Court.

1. Criminal Law—Evidence.—Evidence examined and verdict not flagrantly against it.
2. Criminal Law—Newly Discovered Evidence.—Alleged newly discovered evidence as to relative location of fixed objects at place of the difficulty, that could and should have been discovered as well before as after the trial, not ground for new trial.
3. Criminal Law—Evidence—Impeachment.—The introduction of evidence out of order, not ground for reversal where defendant did not object, and was permitted to contradict it and impeach the witness.

JAMES M. GILBERT, C. K. CALVERT and D. M. BINGHAM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The defendant, John Sizemore, indicted for murder and convicted of manslaughter, complains of numerous rulings of the court in the admission and rejection of evidence; that the verdict of the jury is flagrantly against the evidence, and that he was entitled to a new trial because of newly discovered evidence.

Fred Kennedy, the deceased, was a deputy sheriff, and accompanied by Will Smith, who was acting as his

guide, was summoning witnesses in Bell county near the Clay county line, on December 22, 1921. As they were going down Mud Lick branch of Red Bird river, at about three o'clock in the afternoon, they were overtaken and joined by the defendant, John Sizemore. The three proceeded down Mud Lick to Red Bird and thence up Cow fork about two miles; they then turned back down Cow fork and were about a quarter of a mile above its mouth when the killing occurred.

By the overwhelming weight of the testimony, all three had been drinking and were more or less under the influence of liquor. Kennedy had two pistols, defendant was unarmed, and it is not clear whether Smith had a pistol or not.

According to the testimony for the defendant, which is contradicted by the testimony of Smith for the Commonwealth, during all of the time that the three were together, until a few minutes before the killing, Kennedy was cursing defendant, pointing his pistol at him and threatening to kill him if he attempted to leave the party and go to his home, as he claims was his desire.

The killing occurred where the road crosses the creek in front of the home of Letcher Knuckles. Knuckles was in or near the road when the party approached his home, and while he and Kennedy were engaged in a conversation, the defendant went into Knuckles' home, procured a Winchester rifle, loaded it, came back into the road and was on the foot-log near the ford when he shot and killed Kennedy.

According to the evidence for the Commonwealth, he shot Kennedy in the back after he had ridden past him, and at a time when Kennedy was on his way home and not bothering him. According to the testimony for the defendant, Kennedy at the time was advancing on his horse at a gallop toward defendant, with his pistol drawn and pointed at him. But two shots were fired, one by each party, and according to the testimony for each, the other fired first.

From this statement of the testimony, we think it is too clear for argument that there is no merit in the contention that the verdict is flagrantly against the evidence, although the theory of the defendant is supported by more eye-witnesses than is that of the plaintiff, and the principal witnesses for the latter were impeached, since it is peculiarly the province of the jury in such cir-

cumstances to judge of the credibility of the witnesses and to weigh their contradictory evidence. Besides, from the undisputed evidence as to the condition of the wounds made in deceased's back and chest by the bullet that penetrated his body it evidently entered from the rear.

The contention that the court erred in denying the defendant a new trial upon the ground of newly discovered evidence is likewise clearly without merit. It was proven on the trial, not only by witnesses for the Commonwealth but also by some of the witnesses for the defendant, that the foot-log upon which defendant was standing at the time he shot deceased, was about two feet higher than the road where deceased was at the time. The newly discovered evidence is to the effect that this is not true, but that the road is as high or possibly higher than the foot-log at this point.

Conceding the truth of the alleged newly discovered evidence, and even its materiality, its discovery after rather than before the trial does not afford ground for a new trial, since obviously by any kind of diligence this evidence could and should have been produced upon the trial.

The principal complaint with reference to the introduction of evidence is, that the plaintiff introduced, as in rebuttal, Tisha Saylor, and that her testimony was competent only as evidence in chief. In the first place, the defendant did not object to the introduction of this evidence out of order, and besides was permitted, and did, both contradict it and impeach the witness.

The evidence rejected, about which complaint is made, with one exception related solely to the conduct of the parties previous to their arrival at the place of the killing, and even if the court had erred and the question had been saved in each instance, which is not true, we are sure that defendant was not prejudiced thereby, since the same facts were amply proven by the same or other witnesses.

Convinced that the record contains no error prejudicial to the defendant's substantial rights, the judgment must be and is affirmed.