## Fletcher v. Commonwealth.

### (Decided June 19, 1925.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law—Homicide was Shown to have Occurred in Breathitt County.—Homicide was shown to have occurred in Breathitt county, the place of indictment, where shooting occurred at home of one living on Wolf Pen fork of Hunting creek, and distance of such house from Lick fork of Hunting creek and other well-known places in county was shown.

2. Criminal Law—Venue of Offense May be Established by Proof of Facts from which it May be Inferred.—Though there is no direct evidence that offense was committed in the county, such fact may be established by proof of facts and circumstances from which it may be inferred.

3. Criminal Law—Continuance Held Properly Denied to Enable Defendant to Prepare for Trial.—Continuance, to enable defendant to prepare for trial, held properly denied, where defendant had had a month and a half to prepare therefor, and he had been all the time in the jail at the county seat, where his attorneys resided.

4. Criminal Law—Words "Sudden Affray" should be Defined in Prosecution for Homicide.—In prosecution for homicide, as words "sudden affray" are a legal term, and their legal meaning may not be apprehended by a jury, they should be defined.

5. Criminal Law—Failure of Court to Define Words "Sudden Affray" in Murder Prosecution Held Not Prejudicial.—In murder prosecution, failure of court to define words "sudden affray" held not prejudicial, where defendant was only found guilty of voluntary manslaughter.

6. Homicide—Verdict Convicting Defendant of Voluntary Manslaughter Held Not Against the Evidence.—In murder prosecution, verdict convicting defendant of voluntary manslaughter held not against the evidence.

7. Criminal Law—Refusal to Discharge Jury for Commotion in Courtroom when Commonwealth Attorney was Making Closing Argument Held Not Erroneous.—In murder prosecution, refusal to discharge jury when there was a commotion in courtroom, due to escape from jail of certain other prisoners, when Commonwealth attorney was making his closing argument, held not erroneous, where there was nothing shown to prevent defendant from having fair trial.

8. Criminal Law—Bill of Exceptions will Control on Appeal.—In case of conflict between instruction complained of and bill of exceptions, latter will control on appeal.

9. Homicide—Instruction on Self-Defense Held Not Prejudicial to Defendant.—In murder prosecution, instruction on selfdefense in usual form held not prejudicial to defendant, by using words "on him or his brother," in that such person was not shown to be defendant's brother, where defendant was the aggressor and not such person.

W. L. KASH, A. H. PATTON and A. S. JOHNSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The grand jury of Breathitt county returned an indictment against William Fletcher and Walker Fletcher for the murder of Tony Sallee. William Fletcher was placed on trial; he pleaded not guilty. He was found guilty of voluntary manslaughter and his punishment fixed at confinement in the state penitentiary for ten years. He appeals.

The facts of the case, as shown by the proof for the Commonwealth, briefly stated are these: Jesse Sallee and Tony Sallee were at the home of Fred Joseph spending

the day with him. They had taken several drinks of whiskey together. After dinner they were out back of the house on the side of a little stream and had there between them some Mason jars. William Fletcher was a brother-in-law of Joseph. He and his brother, Walter Fletcher, had taken several drinks and were out looking for whiskey to drink. William Holbrook joined them and they all went to Joseph's house. Without stopping they went around to the rear of the house where Joseph and his friends were with the Mason jars. William Fletcher was in front; as he came around the house he had his pistol out and said in substance that he wanted his part. Joseph told him to put his pistol up; he continued to advance, refusing to put it up. About this time Joseph ran in the house; Tony Sallee got up off the grass and began to put his hand behind him; Holbrook put his arm around William Fletcher and said to him that they were all friends to have no trouble. Jesse Sallee put his arm around his brother and pulled him to one side. As he did this William Fletcher fired his pistol, striking Holbrook in the leg, and getting it released from Holbrook he shot Jesse Salee and Tony Salee. Tony Sallee then began shooting and a number of other shots were fired. Tony Sallee died from the wound he received shortly thereafter.

It is earnestly insisted that the Commonwealth did not show that the shooting occurred in Breathitt county. But it was clearly shown that the shooting occurred at the home of Fred Joseph on the Wolf Pen fork of Hunting creek, and the distance of this house from the Lick fork of Hunting creek and other well known places in Breathitt county was shown. It is a well settled rule that though there is no direct evidence that the offense was committed in the county, this fact may be established by proof of facts and circumstances from which it may be inferred. The proof here clearly brings this case within the rule heretofore laid down. Keefe v. Commonwealth, 175 Ky. 51; Warman v. Commonwealth, 193 Ky. 701; Stubblefield v. Commonwealth, 197 Ky. 218, and cases cited.

It is also insisted that the defendant had not sufficient time to prepare his case and that a continuance should have been granted. The shooting was done on June 15th, 1924. The indictment was returned on July 16th and the trial was had on August 4th. To hold that under such circumstances this case should have been con-

tinued would be in effect to hold that there can be no trial in such cases at the first term. The defendant had had a month and a half to prepare for trial. He had been all the time in the county, and while he had been placed in jail he was in jail at the county seat where his attorneys resided, and by ordinary diligence, so far as appears, he should have gotten ready for trial. The cases where a continuance has been held necessary all turn on special facts, none of which are shown here.

The court in instructing the jury did not define *sudden affray*, and this is complained of on the authority of Gillis v. Commonwealth, 202 Ky. 827. As the words are a legal term and their legal meaning may not be apprehended by a jury it is proper that the words should be defined. The court has never held that a failure to define them is ground for reversal. The defendant here was not prejudiced by this; he was only found guilty of voluntary manslaughter.

The proof for the defendant was to the effect that he did not shoot Tony Sallee at all and that the shooting he did was done in self-defense. The verdict of the jury is clearly not against the evidence. The court did not err in refusing to discharge the jury when there was a commotion in the court room due to the escape from jail of certain other prisoners while the Commonwealth attorney was making the closing argument. There was nothing shown in this to prevent the defendant from having a fair trial.

The instruction on self-defense is in the usual form and fully submitted to the jury appellant's defense. It is complained that in the instruction these words are used: "Upon him or his brother Walker Fletcher;" and it is said that Walker Fletcher was not his brother; but the record is silent on this subject, and as given in the bill of exceptions the words "his brother" do not occur. The bill of exceptions controls. The defendant could not have been prejudiced by this under the facts, for as shown by all the evidence he was the aggressor and not Walker Fletcher.

Judgment affirmed.