## Brown v. Commonwealth.

(Decided November 13, 1928.)

### Appeal from Edmonson Circuit Court.

1. Homicide.—Evidence held to make issue of defendant's guilt for jury in prosecution for maliciously cutting and wounding another with intent to kill.

2. Criminal Law.—"Malice" in its legal sense is the intentional doing of a wrongful act without legal justification or excuse, and may be implied from any deliberate, cruel, and injurious act, however suddenly done.

3. Homicide.—Whether defendant, cutting another in the back with a razor, did an act calculated to kill and used deadly weapon, was

question for jury in prosecution for malicious cutting and wounding with intent to kill.

4.    Criminal Law.—Credibility of witnesses and weight of testimony is question exclusively for jury, and reviewing court will not invade jury's province to disturb verdict found on conflicting evidence.

5.    Criminal Law.—It is only when the verdict of the jury is so palpably against the evidence that it shocks the sense of justice and shows passion and prejudice that the reviewing court will interfere under Criminal Code of Practice, sec. 281, as amended in 1910.

T. H. DEMUNBRUM for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Alfred Brown was convicted of the crime of malicious cutting and wounding with intent to kill and sentenced to the penitentiary for one year: He has appealed to this court, insisting that the verdict of the jury is palpably against the evidence. The commonwealth introduced five witnesses whose testimony tended to prove that the appellant approached Roy Hunt and, without provocation or excuse, assaulted him with a razor or some similar weapon. Hunt was wounded in the back and on the face, and escaped from the appellant by running away. The wound in the victim's back was five inches or more in length. The testimony tended further to show that the appellant was under the influence of intoxicating liquor. The defense was rested solely upon the testimony of appellant, and consisted of an admission that he did the cutting and wounding, and an assertion that it was done in self-defense when appellant was being assaulted with a pole in the hands of Hunt. It is apparent from this brief statement that the evidence presented an issue of fact for the jury to try, and it is obvious that the jury was justified, under the instructions of the court, in finding the appellant guilty of a felony. The court was compelled by the indictment upon which appellant was being tried, and the evidence adduced, to give those instructions in order to comply with the rule requiring the court to give the jury the whole law applicable to the facts.

It is now argued that the evidence was deficient in two particulars. It is said there was no proof of pre-

vious malice or intent to kill, and that the verdict, rested on a finding of malicious cutting with intent to kill, is palpably against the evidence. It is said that the absence of malice may be inferred from the fact that no previous ill will toward Hunt was proven, and that the intent to kill, ordinarily presumed from the assault itself, is rebutted by the fact that the portion of the victim's body where the razor was applied was not a vital spot and that the razor used was not a deadly weapon. "Malice," in its legal sense, is the intentional doing of a wrongful act toward another without legal justification or excuse. Ludwig v. Commonwealth, 60 S. W. 8, 22 Ky. Law Rep. 1108; Nichols v. Commonwealth, 11 Bush, 582. It may be implied from any deliberate, cruel, and injurious act, however suddenly done. Kriel v. Commonwealth, 5 Bush, 362; Ewing v. Commonwealth, 129 Ky. 237, 111 S. W. 352, 33 Ky. Law Rep. 749; Walker v. Commonwealth, 7 Ky. Law Rep. 44; Turner v. Commonwealth, 167 Ky. 365, 180 S. W. 768, L. R. A. 1918A, 329.

It was for the jury to say whether cutting a man in the back was calculated to kill him, and it was likewise for that tribunal to determine whether the weapon used was a deadly one. Wilson v. Com., 3 Bush, 107; Moore v. Com., 35 S. W. 283, 18 Ky. Law Rep. 129; Com. v. Hawkins, 11 Bush, 603; Com. v. Yarnell, 68 S. W. 136, 24 Ky. Law Rep. 144; Com. v. Branham, 8 Bush, 387; Sprague v. Com., 58 S. W. 430, 22 Ky. Law Rep. 519; Owens v. Com., 187 Ky. 207, 218 S. W. 719.

It is a settled rule that the credibility of witnesses and the weight of testimony is exclusively for the jury, and this court will not invade the jury's province or disturb the verdict of a jury found on conflicting evidence. It is only when the verdict is so palpably against the evidence that it shocks the sense of justice and compels the conclusion that it was the result, not of judgment, but of passion and prejudice, that this court will interfere. Section 281, Criminal Code, as amended by act of 1910; Wilson v. Commonwealth, 140 Ky. 36, 130 S. W. 793; Chaney v. Commonwealth, 149 Ky. 464, 149 S. W. 923; Black v. Commonwealth, 154 Ky. 144, 156 S. W. 1043; May v. Commonwealth, 164 Ky. 109, 175 S. W. 17; Kirk v. Commonwealth, 192 Ky. 460, 233 S. W. 1060; Wells et al. v. Com., 195 Ky. 741, 243 S. W. 1015; Branham v. Commonwealth, 223 Ky. 233, 3 S.W.(2d) 629.

We are satisfied, from a consideration of this record, that the appellant had a fair trial, and has shown no just grounds of complaint of any ruling of the trial court, or of the result reached by the jury.

The judgment is affirmed.