**Potter v. Commonwealth.**

(Decided September 24, 1929.)

W. W. BARRETT for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Dave Potter was convicted of the crime of "shooting at and wounding" W. H. Stewart with intent to kill him. His punishment was fixed at confinement in the penitentiary for one year. On this appeal he complains that the evidence was insufficient to take the case to the jury, or to sustain the verdict of guilty. Stewart, with several officers, was searching for illicit stills. Two stills were found in the vicinity of Potter's home. One of them was not in operation, but three of Potter's relatives were caught working at the other and placed under arrest. The stills were destroyed and the officers, together with the prisoners, started to the county seat. Creed Bentley and the prisoners were about 30 steps ahead of Stewart and Adam Potter, a deputy sheriff, when the latter were fired upon from ambush. Stewart was shot in the leg. A number of shots were fired, all of the bullets striking in the road near Stewart and Adam Potter. The hidden culprit was careful not to shoot where the prisoners might be endangered. The officers returned the fire, and the assailants fled. Stewart and Adam Potter testified that appellant did the shooting. They knew him well and identified him at the time. They also described his clothing, which corresponded with descriptions given by others. The testimony of these two witnesses plainly made a case for the jury and left no room for the contention that a peremptory instruction for appellant should have been given. Appellant relied upon an alibi.

He testified that he was at the bedside of his dying mother some two miles away from the scene of the shooting and knew nothing of it until the next day. His father and other witnesses gave support to his testimony. Creed Bentley and Roman Spears, who were present at the shooting, and in charge of the prisoners, did not identify the man who shot Stewart. Bentley was ahead with the prisoners and got glimpses of two men at whom he fired, but he was unable to identify either of them. It was proven also that Stewart stated at the time he did not see any one, but Dave Potter was the man who had shot him. There was also testimony that Adam Potter had stated that he got only a glimpse of one man and did not know for certain who he was. From these circumstances and contradictions it is argued that the verdict is flagrantly against the evidence, but the argument is unsound. It presents merely a conflict of evidence, with the result depending upon the credibility of the witnesses. The jury is the tribunal specially constituted and peculiarly qualified to solve such problems. Brown v. Commonwealth, 226 Ky. 257, 10 S. W. (2d) 820; Branham v. Commonwealth, 223 Ky. 233, 3 S. W. (2d) 629.

It appears from the record that the appellant had a fair trial. His misfortune arises from the fact that the jury accepted the evidence produced by the commonwealth rather than that offered by the defense; but that was within the province of the jury, which this court has no right or inclination to invade.

The judgment is affirmed.