## Brummett v. Commonwealth.

(Decided September 23, 1930.)

E. BERTRAM for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Andrew Brummett shot and killed Tom Coffey, a colored man, and was condemned to serve in the penitentiary a life sentence for the crime. He seeks reversal of the judgment of conviction upon several grounds which will be discussed and disposed of in the course of the opinion.

Brummett's wife had caused a warrant to be issued for his arrest, and, as two officers approached to execute the warrant, they saw Tom Coffey with a butcher knife attempt to assault Brummett. Brummett dropped from a fence on which he was sitting and entered his shoe repair shop. The officers took Coffey in charge, Brummett reappeared with a shotgun, and shot Coffey in the back. His claim was that he shot in defense of one of the officers. It appears from the evidence that Coffey and Brummett had been in an altercation a few minutes before the fatal one. Both men were shown to bear bad reputations, and both at the time were under the influence of intoxicating liquors.

The complaint of the instructions is limited to a failure to define "sudden affray," as used in one of them. The criticism is without merit. The court advised the jury that, if the killing was "in sudden affray, or in sudden heat or passion, upon provocation reasonably calculated to excite the passions beyond his power of self control, without previous malice," the offense committed would be voluntary manslaughter, and the appropriate punishment would be confinement in the penitentiary for a period of not less than two, nor more than twenty-two years, in the discretion of the jury.

The evidence in the case was so simple, and the instruction so easily understood, that no need was appar-

ent for a definition of the words "sudden affray." Thurman v. Commonwealth, 142 Ky. 347, 134 S. W. 174; Cavanaugh v. Commonwealth, 172 Ky. 799, 190 S. W. 123. It is conceivable that a case could arise where some explanation of what constituted a sudden affray might be proper (cf. Gillis v. Commonwealth, 202 Ky. 827, 261 S. W. 591; Fletcher v. Commonwealth, 210 Ky. 71, 275 S. W. 22; and Gurley v. Commonwealth, 218 Ky. 236, 291 S. W. 40), but nothing in the present case called for any such precaution.

Argument is advanced to the effect that the verdict is palpably against the evidence, but the abridged statement of the facts already made illustrates that the contention is lacking in plausibility. Wright v. Commonwealth, 221 Ky. 226, 298 S. W. 673; Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820; Day v. Commonwealth, 197 Ky. 730, 247 S. W. 951; Perkins v. Com., 227 Ky. 129, 12 S. W. (2d) 297.

It is insisted that appellant, although not himself in danger, was justified in shooting Coffey in defense of one of the officers. There was some evidence, although slight and improbable, that Brummett acted in defense of the officer. It is true that a killing may be excused on the ground that it was done in the necessary defense of another (Wheat v. Commonwealth, (Ky.) 118 S. W. 264); Miller v. Commonwealth, 234 Ky. 135, 27 S. W. (2d) 683), but that defense was submitted to the jury by an instruction that is not subjected to criticism, or subject to any. The appellant has no grounds of complaint here that the jury found against him on the facts. It was within the province of that tribunal to determine the credibility of the witnesses, and to deduce the truth from the conflicting testimony. Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820.

Appellant complains of certain rulings respecting the admission of evidence, but we find no merit in any of them. The court was careful to confine the evidence within legal limits, and the record manifests that the appellant had a fair trial free from any substantial error.

The judgment is affirmed.