## Stevens v. Commonwealth.

May 13, 1941.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Brady Stevens and his brother-in-law, Lee Edwards, were jointly indicted for maliciously cutting and wounding Charles Lawson during the afternoon of May 17, 1940. Upon Stevens' separate trial he was found guilty and his punishment fixed at four years in the peniten-

tiary. He is asking reversal of the case upon the ground that the verdict is flagrantly contrary to the evidence, in so far as his conviction under Section 1166 of the Statutes is concerned.

Stevens, Edwards and Virgil Williams were together on the day in question and all of them were drinking. Stevens was the soberest of the three. The party stopped at a beer parlor operated by Charlie Lawson and his father, in Ashland. Edwards and Williams started playing a pinball machine and got into an argument over a five dollar bill. About the time this argument ended Stevens started toward the front of the esstablishment, saying that he was going to leave if Edwards and Williams would not behave themselves. Edwards, in whose car the three had been riding, called to Stevens to come back, saying he would take him home. As Stevens started back, Edwards and Williams began arguing again and Charlie Lawson opened the back door of his place to put the parties out. It is Stevens' version of the fight which followed, and in which Lawson was severely cut, that he and Edwards started toward the front door and Lawson attempted to make them go out the rear door. Lawson said he took Stevens by the arm and was taking him toward the door when Edwards cut him in the back and then Stevens started cutting him. There was other testimony that both Edwards and Stevens cut Lawson. Stevens testified that Lawson struck him several times in the face with his fist, and when he was first on the stand he said that he did not cut Lawson and did not see anyone else cut him. On the second day of the trial, however, he testified that he cut Lawson after Lawson struck him. The fight ended by Williams knocking Stevens and Edwards down.

Stevens earnestly insists that, if he were guilty of any offense, it was that denounced in Section 1242 of the Statutes, since there was no showing of malice on his part. There is testimony, in addition to his own, that Stevens was not engaged in the first argument and that he was acting more in the role of peacemaker at that time and that he started to leave the beer parlor and was called back by Edwards. We have noted that there is sharp conflict in the evidence, however, as to the fight in which Lawson was cut, and also that Stevens first testified that he did not cut Lawson. Lawson testified that, when he took Stevens by the arm, Stevens and Edwards

were standing, and Williams was sitting down drinking a bottle of beer, and "they were arguing pretty loud," and that he said to Stevens when he took him by the arm, "we can't have any argument in here." As said in the case of Cloninger v. Commonwealth, 191 Ky. 841, 231 S. W. 535, malice aforethought may be shown by proof of threats, or may be inferred from actions of the accused, from the circumstances of the crime, and the manner of its commission. See, also, Morgan v. Commonwealth, 228 Ky. 432, 15 S. W. (2d) 273. The circumstances shown in the case before us, and Stevens' actions during the fight, were such as to warrant the jury in reaching the conclusion that Stevens maliciously cut Lawson. Lawson was unarmed, and both Edwards and Stevens were cutting and hitting him at or about the same time. While there is sharp conflict in the evidence on certain points, it is for the jury to determine the credibility of the witnesses. Combs v. Commonwealth, 284 Ky. 546, 145 S. W. (2d) 36, and cases cited therein.

It follows from what has been said that it is our view that the judgment should be and it is affirmed.