## Pack v. Commonwealth.

June 10, 1941.

Earle Cassady and Jasper H. Preece for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

194

The appellant, Fred Pack, was in September, 1939, indicted by the grand jury of Martin county on the charge of maliciously shooting at and wounding Frank Webb, an offense denounced as a felony by Section 1166, Kentucky Statutes.

On the first trial of the case, the jury found Pack guilty of the crime charged and fixed his punishment at three years' confinement in the penitentiary.

From a judgment entered in conformity with the verdict, he prosecuted an appeal, upon which the judgment was reversed on the sole ground of error in the instructions (particularly in the court's instruction No. 1, in failing to properly define the offense for which appellant was indicted) and the cause was remanded for a new trial consistent with the opinion. See Pack v. Commonwealth, 282 Ky. 835, 140 S. W. (2d) 626, wherein the facts and circumstances under which the shooting of Webb occurred are fully set out, relieving us of the need of again herein detailing them, as the conflicting proof offered upon the second trial was substantially the same as that given upon the first trial.

On the return of the case a second trial was had, when the jury again found appellant guilty of the offense charged and again fixed his punishment at the same term of three years' confinement in the penitentiary.

From the judgment entered on that verdict, Pack prosecutes this, his second appeal, asking a reversal on the grounds that: (1) The verdict is against the evidence; and (2) the court erred in giving instructions Nos. 1, 2, 3 and 4, in failing to properly define the technical terms "maliciously," "sudden affray," "self-defense" and "reasonable doubt."

As to the first of these grounds urged, we deem it a sufficient answer thereto to say that we are of the opinion that it is without merit, for the reason, it is conceded, that the evidence heard upon the second trial was substantially the same as that offered by the parties upon the first, and as to the sufficiency of which to support the jury's verdict we said in our opinion on the first appeal that [282 Ky. 835, 140 S. W. (2d) 630]:

"The testimony of the parties and their witnesses

being in direct conflict as to the circumstances under which the defendant shot and wounded Webb, as to whether it constituted a malicious shooting and wounding of him or was done in a sudden affray without malice, it was for the jury to determine the facts upon such issues."

The sufficiency of the evidence to support the jury's verdict finding appellant guilty was neither challenged nor presented upon the first appeal and, therefore, the question of its sufficiency did not come within the express reservation of the opinion that all questions presented, other than the question as to the instructions being erroneous, were expressly reserved.

Where the opinion rendered on the first appeal thus approves the conflicting evidence of the parties as sufficient to take the case to the jury on the issues joined, such opinion constitutes the law of the case as to its sufficiency, where the evidence heard upon the second trial is substantially the same as that heard upon the first, and is binding, not only on the trial court, but this court as well. This rule applies both in civil and criminal cases. Slaughter v. Commonwealth, 152 Ky. 128, 153 S. W. 46; Oldham v. Commonwealth, 228 Ky. 307, 14 S. W. (2d) 1065.

Turning now to a disposition of the second ground urged for reversal, that the court erred in giving instructions Nos. 1, 2, 3 and 4, in that it failed to properly define the technical terms used therein, "maliciously," "sudden affray," "self-defense" and "reasonable doubt," we conceive this ground urged for reversal is also without merit, in that the trial court substantially followed the direction given by us in our opinion rendered on the first appeal, that it would, on the second trial of appellant on the charge for which indicted, define the offense charged in the language of the statute creating and defining it as a felony, where maliciously done, so as to distinguish that offense from its lower or misdemeanor degree, which is defined in Section 1242 as being a shooting and wounding of another in sudden affray or sudden heat and passion, *without previous malice* and not in self-defense, and directed also that the lower court would upon the second trial define the term "sudden affray" as used in its instruction No. 2, covering this lesser degree of the offense of malicious shooting and wounding.

The trial court attempted to carry out this direction given to define the term by its instruction No. 5, wherein it defined this term "sudden affray" used in its instruction No. 2 as "a fight or difficulty in excessive rage or anger arising from a temporary provocation." Also the court gave a self-defense instruction (No. 3) and one upon "reasonable doubt" (No. 4).

Appellant further insists that the trial court failed to instruct the jury upon the whole law of the case, both through its failure to properly define the technical terms used therein, as stated, and in not giving an instruction on assault and battery.

He also contends that the court erred in its instruction No. 1 in adding to the language of Section 1166, defining the offense, the word "feloniously" and also the expression "with felonious intent to kill," for the reason that these words are not used in Section 1166.

However, we do not feel that appellant is in a position to complain of such added words, in that they served rather to the advantage than the prejudice of appellant. Also, the word "feloniously" used in the instruction only served to instruct the jury that they should find the defendant was "feloniously" committing a *felony* offense, by the statute defined as a willful and malicious shooting and wounding of another, which was not material, as we have repeatedly held that such use of the term "feloniously," is at most only superfluous and cannot be regarded as prejudicial. Hall v. Commonwealth, 229 Ky. 646, 17 S. W. (2d) 751.

Next it is argued that the court's failure to give an assault and battery instruction is erroneous. As to this, it is sufficient to say that we have repeatedly held adversely to this contention. Caldwell v. Commonwealth, 265 Ky. 402, 96 S. W. (2d) 1041.

Next appellant complains that the court's instruction No. 5 improperly defines the term "sudden affray."

If the definition thereof (stated supra) is to be criticized at all, it would appear that the criticism would be without merit, since (as contended by appellee), if it is too narrow, it must be considered as of benefit to the defendant, because, unless he were found guilty of the felony under Section 1166, then the jury had to find him guilty under such narrow "sudden af-

fray'' instruction, or else declare him not guilty. However, without passing on the question as to whether the criticised instruction of the court defining the term ''sudden affray'' was too narrow, we are constrained to say it would appear that the direction given by this court to define this term was inappropriate, inopportune and not in accord with our holding in the later cases of Fletcher v. Commonwealth, 210 Ky. 71, 275 S. W. 22; Gurley v. Commonwealth, 218 Ky. 236, 291 S. W. 40; and Page v. Commonwealth, 255 Ky. 282, 73 S. W. (2d) 23, that the failure of the trial court to define the term ''sudden affray'' as used in the instruction based on Section 1242, Kentucky Statutes, does not constitute prejudicial error.

In the Gurley case, supra, the court said [218 Ky. 236, 291 S. W. 41]:

''The Gillis Case [infra] was explained in Fletcher v. Commonwealth, 210 Ky. 71, 275 S. W. 22, wherein we said:

'' 'The court in instructing the jury did not define *sudden affray,* and this is complained of on the authority of Gillis v. Commonwealth, 202 Ky. [821] 827 (261 S. W. 591). As the words are a legal term, and their legal meaning may not be apprehended by a jury, it is proper that the words should be defined. The court has never held that a failure to define them is ground for reversal.' ''

In the later case of Brummett v. Commonwealth, 235 Ky. 322, 31 S. W. (2d) 391, 392, the court said:

''The complaint of the instructions is limited to a failure to define 'sudden affray,' as used in one of them. The criticism is without merit. * * *

''The evidence in the case was so simple, and the instruction so easily understood, that no need was apparent for a definition of the words 'sudden affray.' * * * It is conceivable that a case could arise where some explanation of what constituted a sudden affray might be proper * * * but nothing in the present case called for any such precaution.''

In the still later case of Page v. Commonwealth, supra, we said [255 Ky. 282, 73 S. W. (2d) 25]:

''It is claimed that in the instruction on voluntary

manslaughter the words 'in sudden affray' are used without these words being defined anywhere in the instructions, and the case of Gillis v. Commonwealth, 202 Ky. 821, 261 S. W. 591, is relied upon. The Gillis Case appears to have been much misunderstood by the bar, as this court has repeatedly said since it was decided. We have stated many times since that the Gillis opinion did not mean to hold that the failure to define the words 'sudden affray' alone would constitute reversible error. In Shepherd's Annotations, under the citation of this Gillis Case, may be found a long list of cases explaining this point of the Gillis Case, and all to the effect that the failure to define the words 'sudden affray' is not alone reversible error.''

Upon the former appeal, the direction given in our opinion that the court should upon a retrial of the case define the term ''sudden affray'' was prompted by the idea that the present case was one, as said in the Brummett case, where ''it [was] conceivable that  *  *  * some explanation of what constitute[s] a sudden affray might be proper,'' as tending to clarify the distinction between a malicious shooting and wounding (Section 1166) and a shooting and wounding in sudden affray without previous malice. The lower court's failure to define the term ''sudden affray'' was not a ground upon which the case was reversed upon the former appeal, as the opinion expressly stated it was reversed solely on the ground of error in the court's instruction No. 1. Notwithstanding this, we have reached the conclusion that the direction given in our opinion, that the court would upon a retrial of appellant define the term ''sudden affray,'' was not required and that such direction would have been better omitted therefrom.

Appellant further insists that the court further erred, as stated supra, in its instructions, in failing to define the other terms used therein, ''maliciously,'' ''self-defense'' and ''reasonable doubt'' and that in so failing to define them in its instructions, the court failed to instruct upon the whole law of the case.

Clearly this contention is not meritorious, as we have many times very definitely ruled adversely to such contention.

In Eve v. Commonwealth, 278 Ky. 123, 128 S. W. (2d) 616, 620, we said:

"We have frequently held that failure to define the terms 'willfully,' 'feloniously,' and 'maliciously' is not prejudicially erroneous."

Also, as said in Nickells v. Commonwealth, 241 Ky. 159, 43 S. W. (2d) 697, 698:

"It has been held in a number of cases that the instruction as to reasonable doubt should always follow in substance the language of Section 238 of the Criminal Code of Practice, and that the court should not enlarge on the language of the Code by saying the law presumes the innocence of the defendant."

See, also, to like effect, Swopshire v. Commonwealth, 246 Ky. 593, 55 S. W. (2d) 356.

As to the court's failure to define the term "self-defense" as used in its instruction No. 3, it is sufficient to say that the evidence in the case, though conflicting, was so direct and plain and the self-defense instruction so easily understood that there was no apparent need for defining that term.

Therefore, we are led to conclude, two juries having heard the evidence, which was substantially the same on both trials, and each having found the defendant guilty and imposed upon him the same punishment of three years' imprisonment in the penitentiary and we being unable to say that such result strikes our mind at first blush as being flagrantly against the evidence, and also perceiving no error in the record prejudicial to the substantial rights of the appellant, the judgment should be and it is affirmed.