## Edwards v. Commonwealth.

Nov. 7, 1941.

A. W. Mann for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This is a companion case to Stevens v. Com., 286 Ky. 511, 151 S. W. (2d) 404. The evidence on this trial was substantially the same as set out in that opinion. The appellant, Lee Edwards, was convicted of malicious wounding in violation of Kentucky Statutes, Section 1166, and sentenced to four years in the penitentiary, the same punishment meted out to Stevens.

The same contention is made here as was made in the Stevens case, that appellant, if guilty at all, was

guilty only of the misdemeanor defined in Kentucky Statutes, Section 1242, and that the verdict finding him guilty of malicious wounding is flagrantly against the evidence. We think the opinion in the Stevens case is a complete answer to appellant's contention and we therefore refer to that opinion without a repetition of the reasons therein assigned.

It is urged, however, that there was a material difference in the testimony upon this trial in that Charles Lawson testified that Edwards cut him first while on the Stevens trial he testified that Stevens cut him first. The record does not bear this out. On the contrary, he testified on the other trial, as pointed out in the former opinion, that Edwards cut him first. True, the witness, on the other trial, said he did not actually see Edwards cut him as Edwards was behind him, and was the only person behind him, but felt Edwards cut him. Other differences and contradictions between the present testimony and that on the other trial are pointed out but they are comparatively minor and immaterial and we have no doubt that the evidence was amply sufficient to sustain the verdict.

It is also argued that the court erred in failing to give an instruction defining the term "sudden affray" in the misdemeanor instruction. Pack v. Commonwealth, 282 Ky. 835, 140 S. W. (2d) 626, is relied on as sustaining this contention but the court there, while saying that the term should be defined, did not hold that failure to do so was reversible error. Failure to define this term has repeatedly and definitely been held not to be prejudicial error. Fletcher v. Commonwealth, 210 Ky. 71, 275 S. W. 22; Gurley v. Commonwealth, 218 Ky. 236, 291 S. W. 40; Page v. Commonwealth, 255 Ky. 282, 73 S. W. (2d) 23.

The final contention is that the trial court erred in failing to instruct as to appellant's right to act in self-defense. The answer to this is that defendant did not rely on self-defense but denied cutting Lawson at all. He testified that he took no part in the fighting and did not know what happened as someone hit him and knocked him unconscious when the trouble started. Instructions must be based on evidence and the jury should not be instructed on a theory not authorized by the evidence. See Stanley on Instructions, Section 675 and cases therein cited.

Judgment affirmed.