**Charles J. MATHERLY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 18, 1968.

Rehearing Denied Feb. 28, 1969.

Michael M. Hellmann, Wilson K. Beatty, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was found guilty of robbery and sentenced to two years in the penitentiary. At the trial it was the testimony of Mrs. Dorothy Flowers, and her testimony alone, which pointed to the appellant as the one who had robbed her of her purse on June 15, 1967, at 11:00 p. m. To answer this accusation appellant produced nine witnesses who testified that he was with them at the time the robbery took place and that he had been with them for most of the evening. It is appellant's contention that the evidence does not support the verdict; that his nine witnesses to the prosecution's one should entitle him to an acquittal as a matter of law.

The prosecuting witness positively identified appellant as the person who took her purse. The area was well lighted and she struggled with her assailant. Even though he was a stranger, she recognized him on the street a day or two after the robbery. She identified his photograph and picked him out in a police lineup.

Appellant's proof was that at the time of the robbery he was in another part of town at the home of a relative. Besides himself, nine other witnesses so testified. It happens that all of these witnesses were members of appellant's family.

■ We have set aside verdicts where the defense was an alibi when there was overwhelming evidence to support such defense. Fry v. Commonwealth, 259 Ky. 337, 82 S.W.2d 431; Davis v. Commonwealth, 290 Ky. 745, 162 S.W.2d 778; Fyffe v. Commonwealth, 301 Ky. 165, 190 S.W.2d 674. In the Fry opinion the disinterested witnesses there appearing for the defendant were contrasted with alibi witnesses such as "chums, the coagitators, kin folks, and the members of the accused's immediate family". In the other cases the identification by the Commonwealth's witnesses was questionable and the evidence on the defendant's behalf was quite positive and unassailable.

■ There was certainly evidence of substance here which would ordinarily carry the case to the jury. See Parsley v. Commonwealth, Ky., 273 S.W.2d 372. Of course the question of credibility of witnesses is a jury matter. See Sizemore v. Commonwealth, 195 Ky. 683, 243 S.W. 919. In view of the positive identification in this case, appellant's questionable credibility, and the fact that all of his witnesses were interested members of his family, we cannot say as a matter of law that his alibi evidence was so strong that he was entitled to an acquittal.

The judgment is affirmed.

All concur.