### UNITED STATES of America
### v.
### Earl MISSLER et al.
### Crim. No. 27887.

United States District Court
D. Maryland.
May 21, 1969.

Stephen H. Sachs, U. S. Atty., and Clarence E. Goetz, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Edward L. Genn, Silver Spring, Md., for defendant.

THOMSEN, Chief Judge.

The third and fourth counts of the indictment in this case charge Earl Missler and four other men with stealing cigarettes from an interstate shipment (third count) and with possessing such cigarettes knowing them to have been stolen (fourth count). For adequate reasons the Court ordered that the case against Missler should be tried separately from the trial or trials of the other defendants. When Missler's case was

called for trial on April 14, 1969, he moved that the indictment be dismissed, arguing that Gaither v. United States (D.C.Cir., April 8, 1969), requires that an indictment show on its face that the finding of the indictment was concurred in by 12 or more grand jurors.

■ The motion was made too late, and may be dismissed on that ground.[1] But since the point was fully argued, it is desirable to consider the practice in this district. The practice here is quite different from the practice in the District of Columbia condemned in Gaither, where the government admitted that the indictment itself had never been considered by the grand jury, but only by the foreman.

Rule 6, F.R.Crim.P., as amended effective July 1, 1966, before the indictment in this case, provides in pertinent part:

"Rule 6. The Grand Jury

*     *     *     *     *     *

"(c) Foreman and Deputy Foreman. * * * The foreman shall * * * sign all indictments. He or another juror designated by him shall keep a record of the number of jurors concurring in the finding of every indictment and shall file the record with the clerk of the court, but the record shall not be made public except on order of the court. * * *

"(d) Who May Be Present. Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the ju-rors may be present while the grand jury is deliberating or voting.

*     *     *     *     *     *

"(f) Finding and Return of Indictment. An indictment may be found only upon the concurrence of 12 or more jurors. The indictment shall be returned by the grand jury to a judge in open court. * * *"

■ The argument of Missler's counsel that Gaither requires that the number of jurors concurring in the finding of the indictment appear on the face of the indictment is not supported by the opinion in Gaither, and is contrary to the wording and purpose of Rule 6(c), which protects the secrecy not only of the testimony before the grand jury but also of the identity of the·jurors who voted in favor of the indictment.

In the District of Maryland the practice is that an indictment is prepared by the United States Attorney or one of his assistants either before or after the evidence is presented to the grand jury. After the evidence has been completed, the indictment itself is left with the grand jury, all persons other than the jurors leave the room, and the jury votes on the proposed indictment. If the grand jury votes to indict, the foreman signs the indictment, and also signs a record of the number of grand jurors concurring in the finding of the indictment, on a form supplied by the Administrative Office (D.C. 53). Each day on which any indictments are found, those completed forms are placed in an envelope, which is sealed and delivered by the foreman along with the indictments to the clerk in open court in the presence of a judge and of the entire panel of grand jurors in attendance on that day.[2]

---

1. The indictment was filed on December 19, 1967, and Missler was arraigned on January 12, 1968. On June 14, 1968, Missler moved to dismiss the indictment on the ground that the testimony before the grand jury had not been recorded and transcribed, but he did not question the vote on the finding of the indictment at that time or at any time before April 14, 1969, although the case had been called for trial on April 7, a jury had been selected but not sworn, and the case postponed on Missler's motion because of a newspaper article.

2. Missler has neither shown nor contended that any other procedure was used in this case.

In this case the sealed envelope was opened by the court in the presence of Missler and his counsel on April 14. It showed that all 23 jurors concurred in the indictment in this case.[3]

The testimony presented to the grand jury in this case was not recorded. There is no requirement that it be, and even if the testimony had been recorded the stenographer would not have been in the room when the vote of the jury on the finding of the indictment was taken. See Rule 6(d).

The motion to dismiss the indictment must be denied.

---

3. If the point is raised in any future case, the court will advise the defendant only that 12 or more jurors concurred in finding the indictment in order to preserve the secrecy provided for by Rule 6.