**Betty Jean PARKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1970.

Rehearing Denied Jan. 15, 1971.

Joseph J. Grace, Jim L. Lindblad, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Appellant, Betty Jean Parker, was convicted of voluntary manslaughter in the McCracken Circuit Court on June 2, 1969. Her punishment was fixed at seven years' imprisonment. She appeals. We affirm.

On January 26, 1969, about 6 p. m., appellant was in her room at the Washington Street Hotel in Paducah. She was the manager of the hotel. Upon hearing a disturbance in the room directly above her, she went to the room and asked the occupants to stop making the noise. The room had been leased by Emorie Childress for two or three months prior to the incident. The room at the time of the incident was occupied by Childress, Georgia Andrews, sister of the appellant, Johnny Alexander, and Jimmie Mae Higginbottom, the victim. They were having a party and evidently were drinking. When appellant asked the group to be quiet, an argument followed. Appellant shot and killed Jimmie Mae Higginbottom during the argument.

Appellant contends that Jimmie Mae Higginbottom cursed her and then grabbed a pint bottle from the dresser and advanced upon her. Appellant claims that she was in fear of great bodily harm. Thereupon, appellant drew a pistol from her duster and shot the deceased one time in the chest. Appellant and her sister Georgia went downstairs and called the police and an ambulance. Appellant also claims that it was necessary for her to have a pistol on her person because she rented to a number of men who became violent when drinking. Both Georgia Andrews and Johnny Alexander, Georgia's boy friend, corroborated appellant's story.

The primary witness for the Commonwealth was Emorie Childress. He had been convicted of maliciously shooting the appel-

lant eight or nine years earlier. Childress admitted that the group in the room was having a party but contended that he was not drunk. He also claimed that they were not making much noise. However, he said, when Betty Jean Parker asked them to be quiet, she (Betty Jean) and the deceased began arguing and cursing each other. Childress testified that appellant left the room and then reopened the door and shot the deceased.

Childress claimed there was no pint bottle, and he further stated that the deceased had not advanced upon the appellant. The remaining prosecuting witnesses were concerned only with a description of the room and medical testimony. Appellant conceded that the deceased was shot in the chest and died from the wound. The position of the wound was also admitted.

The Commonwealth's attorney was allowed to introduce into evidence pictures of the victim's body. The pictures were merely cumulative, considering the admissions of the defendant. Although it may seem that the purpose of introducing such evidence was to inflame the jury, no such result was accomplished.

"* * * The fact is that it was not so gruesome as to be likely to prejudice or inflame the men and women, inured as they are to the horrors of both war and television, who sit on a modern jury. The time has come when it should be presumed that a person capable of serving as a juror in a murder case can, without losing his head, bear the sight of a photograph showing the body of the decedent in the condition or place in which found. * * *" Napier v. Commonwealth, Ky., 426 S.W.2d 121.

In this case, the photographs show only the position of the bullet hole and powder burns surrounding the wound. The expression on the face is not exceptional. There is no significant amount of blood, if any, in the photographs.

The appellant claims that the introduction of these pictures into evidence was prejudicial error. The appellant was on trial for murder; the photographs were not of a gruesome nature; and the sentence given by the jury was only seven years. In view of the above factors it can hardly be contended that the photographs inflamed the minds of the jurors. Smith v. Commonwealth, Ky., 402 S.W.2d 686; Jaggers v. Commonwealth, Ky., 439 S.W.2d 580.

The Commonwealth was permitted to introduce into evidence the following testimony of George Coleman on direct examination by the Commonwealth's attorney:

"3. Sgt. Coleman, do you know the defendant, Betty Jean Parker?

"A. Yes.

"4. About how long have you known her, Sgt. Coleman? How long have you been on the police department?

"A. Since September of 1962.

"5. September, 1962?

"A. Yes.

"6. Did you know her before that?

"A. Yes.

"7. All right. Did you know her when she was going with James Andrews, or James Elliott?

"A. Yes sir, and I remember in April when he was killed uh * * * (interrupted)."

The appellant objected to this evidence as being prejudicial. She claims that the evidence of a prior crime unduly inflamed the jury. There is no mention in the evidence of appellant's connection with any prior criminal act. There is no merit in appellant's contention.

The appellant contends that the court erred in overruling her motion for a copy of the grand jury evidence and that

the court did not follow RCr 5.16(2), which states in part as follows:

" * * * any person indicted by the grand jury shall have a right to procure a transcript of any stenographic notes or recordings relating to his indictment or any part thereof by paying the prescribed fee therefor."

This court has interpreted this rule to mean that a transcript of the evidence before a grand jury must be given to any person indicted if the testimony was reported. White v. Commonwealth, Ky., 394 S.W.2d 770. There is, however, no requirement that the evidence be taken and transcribed. There were no stenographic notes taken before the grand jury in this case. The appellant cannot claim error for lack of a written record of the proceedings before the grand jury. A failure to take grand jury minutes is not a ground for reversal. United States v. Missler, 299 F.Supp. 1268 (D.C.Md.1969).

■ The appellant claims that there was no evidence introduced by the Commonwealth to show that she acted in any manner other than in self-defense. The appellant's contention is based upon the fact that Emorie Childress, the Commonwealth's principal witness, had been drinking and had previously been convicted of a felony. She claimed he was impeached. But Childress did not say he was drunk; he claimed that he was sober. The felony which he committed had occurred eight or nine years ago. It was committed against the appellant, but the fact that Childress had roomed in the appellant's hotel for two or three months prior to the incident seems to rebut any possible inference of dislike of the appellant. It cannot be said that the testimony of Childress shows a lack of credibility so strong as to show no credibility at all. The credibility of a witness is a jury ques-

tion. Crowe v. Commonwealth, Ky., 407 S.W.2d 120; Matherly v. Commonwealth, Ky., 436 S.W.2d 793.

The question of self-defense is usually to be determined by a jury. Hatton v. Commonwealth, Ky., 412 S.W.2d 227; Bagby v. Commonwealth, Ky., 424 S.W.2d 119; Taylor v. Commonwealth, Ky., 432 S.W.2d 805.

■ The appellant claims that the trial court erred in giving an instruction on voluntary manslaughter. She also contends that there should have been an instruction on involuntary manslaughter. Since there was evidence presented tending to mitigate the crime charged, it was the duty of the court to give an instruction on the offense to which murder might be mitigated. It would have been error had the court failed to instruct on voluntary manslaughter. Combs v. Commonwealth, Ky., 378 S.W.2d 626.

■ The defendant shot Jimmie Mae Higgenbottom with a gun, a deadly weapon. She claims self-defense. She was not entitled to an instruction on involuntary manslaughter. An instruction on self-defense is consistent with an instruction on voluntary manslaughter, but it is inconsistent with an instruction on involuntary manslaughter. Shanks v. Commonwealth, Ky., 390 S.W.2d 888.

The appellant also argues that if the instruction on voluntary manslaughter was properly given, then the court erred in failing to give an instruction defining "sudden affray and sudden heat and passion." There is no merit in this contention. Fletcher v. Commonwealth, 210 Ky. 71, 275 S.W. 22.

Judgment affirmed.

All concur.